UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------- X
                                                :
LEONID LAUTMAN,                                 :
                                                :
                    Plaintiff,                  :
                                                :
        -against-                               :
                                                :       14-CV-1868 (ARR) (VVP)
2800 COYLE STREET OWNERS CORP.; BOARD OF        :
DIRECTORS OF THE 2800 COYLE ST. OWNERS          :       OPINION & ORDER
CORP.; SVETLANA MARMER, ALLA SHVARTS,           :
personally and as directors and officers of 2800 Coyle St. :
Owners Corp.; SAUCHIK LAW GROUP, P.C.; ALEC     :
SAUCHIK, ESQ., STEVE POLYAKOV, ESQ., in their   :
professional and personal capacities,           :
                                                :
                    Defendants.                 :
                                                :
----------------------------------------------------------------------- X

ROSS, United States District Judge:

Plaintiff, Leonid Lautman, proceeding pro se, brings this action against his landlord

cooperative, its board and officers, and its attorneys. Plaintiff asserts that defendants violated the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and New York state

law when they instituted a nonpayment of rent proceeding against him in state court.

Defendants have moved to dismiss the action under Federal Rule of Civil Procedure

12(b)(6) and assert numerous grounds for dismissal of the complaint. For the reasons set forth

below, the court finds that plaintiff's FDCPA claims against his landlord cooperative, its board,

and its officers must be dismissed because they are creditors and not "debt collectors" within the

meaning of the FDCPA. The court finds that plaintiff's FDCPA claims against his landlord's

attorneys cannot be dismissed under the Rooker-Feldman doctrine or on res judicata grounds.

However, all of plaintiff's FDCPA claims against the landlord's attorneys must nonetheless be

dismissed on the grounds of collateral estoppel or for failure to state a claim. The court also

1

declines to exercise supplemental jurisdiction over plaintiff's state law claims. Accordingly, defendants' motion is granted and the complaint is dismissed in its entirety.

## BACKGROUND

The following facts are drawn from the complaint and from documents incorporated by reference in the complaint. The court will also take judicial notice of the filings and orders in the state court proceedings. See Ferrari v. Cnty. of Suffolk, 790 F. Supp. 2d 34, 38 n.4 (E.D.N.Y. 2011) ("In the Rule 12(b)(6) context, a court may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior litigation and that relate to the case sub judice.").

Plaintiff resides in an apartment at 2800 Coyle Street, Brooklyn, New York. Compl., Dkt. #1, ¶ 4. Defendant 2800 Coyle Street Owners Corp. (the "Co-op") is a domestic cooperative housing corporation that owns the building at 2800 Coyle Street. Id. ¶ 6. Plaintiff owns shares of stock in the Co-op and leases his apartment from the Co-op subject to the terms and conditions of a proprietary lease. Id. ¶ 4. Defendant Board of Directors of 2800 Coyle Street Owners Corp. (the "Co-op Board") is the highest supervisory body in charge of all affairs of the Co-op, including the collection of rent and rent arrears. Id. ¶ 7. Defendants Svetlana Marmar and Alla Schvarts are tenants at 2800 Coyle Street and shareholders in the Co-op. Id. ¶¶ 8-9. Marmar is the President of the Co-op Board and Shvarts is the Vice-President of the Co-op Board. Id.

This is the second lawsuit before this court arising out of a landlord-tenant dispute between plaintiff and the Co-op. The court assumes familiarity with its opinion in the other suit and will restate only the essential facts here. In plaintiff's first suit, he named as defendants the Co-op, its officers, its managing agent, its managing agent's principals, and its former lawyers

from the firm Norris McLaughlin & Marcus, P.A ("Norris McLaughlin"). Lautman v. 2800 Coyle St. Owners Corp., No. 13-CV-967 (ARR)(VVP), 2014 WL 2200909, at *1 (E.D.N.Y. May 23, 2014). Plaintiff alleged that the defendants had sent him bills between August 2011 and January 2013 that contained false and misleading information regarding the rent and rent arrears that he owed. Id. He asserted that the Co-op had not complied with registration requirements imposed by New York state law, and as a result the rents that he purportedly owed were "forfeited and unrecoverable." Id. On February 15, 2012, the Co-op, through its attorneys at Norris McLaughlin, instituted summary nonpayment proceedings against plaintiff in Kings County Housing Court. Id. at *2. Plaintiff asserted that the rent arrears asserted in the petition were "fabricated" and moved to dismiss the action. Id. On July 27, 2012, the Co-op voluntarily discontinued the Housing Court action without prejudice. Id. In the prior suit, plaintiff brought claims under the FCDPA and New York state law challenging the Co-op's attempts to collect rent from him and the institution of the Housing Court proceedings in 2012. Id.

The defendants in the prior lawsuit all moved for judgment on the pleadings under Rule 12(c). In an opinion and order on May 23, 2014, the court dismissed all FDCPA claims against the Co-op, its officers, and its managing agent because the court found that they were not "debt collectors" within the meaning of the statute. Id. at *3-*4. The court allowed the FDCPA claims against Norris McLaughlin and its attorneys to go forward.[1] Id. at *5-*7. The court dismissed some of plaintiff's New York state law claims with prejudice and declined to exercise supplemental jurisdiction over the remaining state law claims. Id. at *7-*10. On June 27, 2014, plaintiff filed a notice of interlocutory appeal of the court's opinion and order dismissing the

---

[1] Norris McLaughlin moved to dismiss the FDCPA claims against the firm and its attorneys based solely on the argument that the FDCPA's one-year statute of limitations barred plaintiff's claims. See Mot. to Dismiss, 13-CV-967, Dkt. #52, Ex. 4, at 5-8. The court rejected Norris McLaughlin's argument that the statute of limitations began to run on the date that the Housing Court action was filed. Instead, the court found that the statute of limitations began to run on the later date that plaintiff was served, so his claims were timely. Lautman, 2014 WL 2200909, at *7.

majority of plaintiff's claims. See 13-CV-967, Dkt. #58.[2]

Meanwhile, plaintiff filed this second lawsuit on March 21, 2014. In this action, plaintiff raises claims relating to the time period from March 5, 2013, to the present. Compl. ¶ 14. He challenges a second Housing Court action that the Co-op instituted against him on March 5, 2013. Id. ¶ 15. Plaintiff alleges that, in bringing the second Housing Court proceeding, defendants "attempted to illegally collect charges and arrears prohibited by law, and made false and misleading representations to the Court and plaintiff about the character, amount and legal status of the set forth therein charges and arrears." Id. ¶ 17.

Defendants Sauchik Law Group, P.C., and its attorneys Alec Sauchik, Esq., and Steve Polyakov, Esq., represented the Co-op in the second Housing Court proceeding at issue in this action and served plaintiff with the petition on March 21, 2013. Id. ¶¶ 15-16 & Ex. C.[3] On March 22, 2013, plaintiff filed a "Notice of Rejection of the Verified Petition" claiming that the petition was fraudulent and contained improper past-due rent amounts. Decl. of Alec Sauchik ("Sauchik Decl."), Dkt. #13, Ex. 2, ¶ 10. The Housing Court deemed this notice to be plaintiff's answer and scheduled the matter for a court appearance. Id. At a hearing on June 14, 2013, the Housing Court dismissed plaintiff's allegations that the petition had not been served properly, finding that plaintiff's challenges related not to service but to "the sufficiency of the rent demand and verification of the petition." Sauchik Decl., Ex. D.

In August 2013, plaintiff filed a motion to dismiss the Housing Court action on the grounds of "illegality and fraud on the court" and for sanctions against defendant Sauchik.

---

[2] Plaintiff's notice of appeal on June 27 was filed after the 30-day period to appeal the court's May 23 opinion and order. Plaintiff filed a motion for an extension of time to file his notice of appeal, which the court denied. See 13-CV-967, Dkts. #59 & 60. The appeal is pending before the Second Circuit. See Ct. of Appeals Dkt. #14-2387.
[3] Sauchik Law Group, P.C., is now known as Sauchik & Giyaur, P.C. Decl. of Alec Sauchik ("Sauchik Decl."), Dkt. #13, Ex. 2, ¶ 2. Sauchik is the principal of the firm. Polyakov was an employee of the firm at all relevant times but no longer works for the firm. Id. ¶ 7. The Co-op retained the firm in late 2012, and the firm is the counsel of record for all defendants in this action. Id.

Sauchik Decl., Ex. F, ¶¶ 1-2. Plaintiff asserted that Sauchik fabricated the petition and included "fundamental misstatements and omissions" relating to, inter alia, the amount of rent due, the service of prior rent demands on plaintiff, and the Co-op's compliance with state registration requirements. Id. ¶ 39. On August 29, 2013, the Housing Court denied plaintiff's motion as untimely, stating that the trial was scheduled to begin that day and that plaintiff had already had a hearing on the issue of improper service. Sauchik Decl., Ex. F, at 1.

The trial in Housing Court began on August 29, 2013, and was continued until September 16, 2013. When plaintiff did not appear at the second trial date on September 16, the Housing Court entered a default judgment against plaintiff, granting the Co-op possession of the apartment and $45,955.75 in monetary damages. Sauchik Decl., Ex. G. Plaintiff asserts that he defaulted "due to his newly retained attorney arriving late in court." Compl. ¶ 25.

On October 24, 2013, plaintiff filed a motion in Housing Court to vacate the default judgment. Sauchik Decl., Ex. H, at 2. The Housing Court denied the motion on October 13, 2013, finding that plaintiff had not provided a reason for his failure to appear on the second trial date. Id. at 3. The court also found that plaintiff could not show "proof of a viable defense." Id. While plaintiff challenged the "sufficiency of the rent demand," he had not specifically preserved that defense in his answer or provided facts to support the defense. Id. Through counsel, plaintiff served notices of appeal of the Housing Court's September 16, 2013 default judgment and its October 31, 2013 denial of his motion to vacate the default judgment. Sauchik Decl. ¶¶ 15-16.

On November 18, 2013, plaintiff brought a motion before the Appellate Term, Kings County, to stay enforcement of the default judgment pending the resolution of his appeal, which the court denied. Sauchik Decl., Exs. I & J. In February 2014, plaintiff brought another motion for a stay of the proceedings, this time in Housing Court. The Housing Court granted an interim

stay pending appeal and ordered plaintiff to post a bond of $51,180.75, pay his monthly maintenance fee to the Co-op, and perfect his appeal by April 4, 2014. Sauchik Decl. ¶ 19 & Ex. K. In an order dated May 30, 2014, the Housing Court granted the Co-op's motion to vacate the stay because plaintiff had not perfected his appeal by the April 4 deadline. Sauchik Decl., Ex. L, at 2. In July 2014, plaintiff filed another motion before the Appellate Term for a stay of the proceedings, and the motion is fully briefed and pending decision. Sauchik Decl. ¶ 23.

In this action, plaintiff asserts FDCPA claims against all of the defendants for making "false and misleading representations" and engaging in "unfair and abusive practices" in instituting and prosecuting the Housing Court action. Compl. ¶¶ 27, 30. He also asserts that the Co-op Board violated the FDCPA on April 23, 2013, when it published a list of tenant-shareholders who purportedly owed rent, including plaintiff, without his permission. Id. ¶¶ 19, 30 & Ex. D.

Plaintiff also asserts several state law claims. He asserts claims against all defendants under New York General Business Law § 349 for engaging in deceptive acts and practices in the conduct of their businesses. Id. ¶¶ 32-37. He asserts claims against Sauchik Law Group and its attorneys under New York Judiciary Law § 487 for engaging in deceit or collusion, including preparing "fraudulent, deceptive, and misleading affidavits and affirmations" and "[f]raudulently obtaining the default judgment against Plaintiff." Id. ¶¶ 38-44. He asserts a state law malicious prosecution claim against all defendants relating to the Housing Court proceeding. Id. ¶¶ 45-47. Finally, he asserts a state law libel claim against the Co-op, the Co-op Board, Marmer, and Shvarts relating to the publication of plaintiff's purported rent arrears. Id. ¶¶ 48-53.

Plaintiff alleges that, as a result of defendants' actions, he has suffered economic injury, including legal costs, and non-economic injuries, including "continuing severe emotional

distress" and "mental anguish caused by his receipt of multiple improper eviction notices and impending loss of his home and his investment." Id. ¶ 28. He seeks compensatory damages, punitive and treble damages, attorney's fees, and costs.

On August 18, 2014, defendants requested the court's leave to file a motion to dismiss the complaint under Rule 12(b)(6). Dkt. #9.[4] The court granted defendants permission to bring the motion and set a briefing schedule. Dkt. #11. Pursuant to that briefing schedule, defendants served plaintiff with the motion to dismiss and supporting papers on August 27, 2014. Dkt. #12. According to the briefing schedule, plaintiff had until September 5, 2014, to file his opposition to defendants' motion. As of this date, plaintiff has not filed any opposition. Defendants filed the motion papers with the court on September 9, 2014. Dkt. #13. Since plaintiff was given notice of the motion and the opportunity to file an opposition, and plaintiff has not filed any response or contacted the court to request an extension of time, the court will proceed to decide the pending motion on the record before it.[5]

## DISCUSSION

### I.    Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.

---

[4] Defendants also requested leave to bring a motion for sanctions under Rule 11, asserting that sanctions were warranted because plaintiff maintained this action after receiving notice that the court had dismissed "practically identical" claims in his other lawsuit. Dkt. #9. The court "strongly discourage[d]" defendants from bringing a motion for sanctions, in light of plaintiff's pro se status and the fact that an appeal of the court's order in his other action is still pending. Dkt. #11. Defendants have not filed a motion for sanctions.

[5] Plaintiff's failure to oppose the motion to dismiss is not in itself grounds for dismissal. "If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." McCall v. Pataki, 232 F.3d 321, 323 (2d Cir. 2000). Instead, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." Id. at 322-23; accord Goldberg v. Danaher, 599 F.3d 181, 183 (2d Cir. 2010) ("Because a motion under Rule 12(b)(6) presents a pure legal question, based on allegations contained within the four corners of the complaint, the district court is equipped to make a determination on the merits.").

544, 570 (2007). The court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Twombly, 550 U.S. at 555-56; Freedom Holdings, Inc. v. Spitzer, 363 F.3d 149, 151 (2d Cir. 2004). Courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, it is well settled that pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the court is required to construe a plaintiff's pro se complaint liberally and to interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008).

## II.     Plaintiff's FDCPA Claims Against Co-op, Co-op Board, Marmar, and Shvarts

The Co-op, the Co-op Board, Marmar, and Shvarts were all named as defendants in plaintiff's prior suit as well as in this suit. In the prior suit, the court dismissed plaintiff's FDCPA claims against these defendants because they were not "debt collectors" within the meaning of the statute. Lautman, 2014 WL 2200909, at *3-*4. The FDCPA claims against the same defendants must be dismissed in this action for the same reason.

For purposes of the FDCPA, a "debt collector" is defined as:

[A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). Creditors are generally not subject to the FDCPA, unless the creditor "in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." Id.; see Maguire v. Citicorp

Retail Servs., Inc., 147 F.3d 232, 235 (2d Cir. 1998). In order for this false name exception to apply, three elements must be present: "(1) the creditor is collecting its own debts; (2) the creditor 'uses' a name other than its own; and (3) the creditor's use of that name falsely indicates that a third person is 'collecting or attempting [to] collect' the debts that the creditor is collecting." Vincent v. The Money Store, 736 F.3d 88, 98 (2d Cir. 2013).

The Co-op, as plaintiff's landlord, is a creditor within the meaning of the FDCPA. See Cousins v. Duane St. Assocs., 7 F. App'x 85 (2d Cir. 2001); Franceschi v. Mautner-Glick Corp., 22 F. Supp. 2d 250, 255 (S.D.N.Y. 1998). Plaintiff makes no allegations that the Co-op attempted to collect rent from him using a false name or attempted to disguise who was collecting the rent. The complaint alleges that the Co-op attempted to collect rent and rent arrears in its own name through its board and through a lawsuit filed on its behalf. "Because the false name exception does not apply, the Co-op as a creditor is not subject to the FDCPA." Lautman, 2014 WL 2200909, at *4.

Officers and employees of a creditor are also not subject to the FDCPA "while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A). Since defendants Marmer and Shvarts acted in their capacities as officers and directors of the Co-op when they attempted to collect rent and rent arrears from plaintiff, they also fall outside the scope of the FDCPA. Lautman, 2014 WL 2200909, at *4.

Accordingly, the FDCPA claims against the Co-op, the Co-op Board, Marmer, and Shvarts are all dismissed.

### III.    Plaintiff's FDCPA Claims against Sauchik Law Group, Sauchik, and Polyakov

Plaintiff also asserts FDCPA claims against the Sauchik Law Group, which represented

the Co-op in the second Housing Court action, and its attorneys Sauchik and Polyakov (collectively, the "Sauchik Defendants"). Attorneys who initiate litigation on behalf of creditors to collect consumer debts are "debt collectors" within the meaning of the FDCPA. See Heintz v. Jenkins, 514 U.S. 291, 294 (1995) (holding that the FDCPA applies "to lawyers engaged in litigation"); Goldman v. Cohen, 445 F.3d 152, 154-55 (2d Cir. 2006) (applying FDCPA to lawyer retained by landlord who initiated nonpayment proceedings against tenant). Therefore, the grounds for dismissal of the claims against the Co-op, the Co-op Board, and its officers do not apply to the Sauchik Defendants. However, defendants have asserted other grounds for dismissal of the claims against the Sauchik Defendants.

### A.    Rooker-Feldman Doctrine

As an initial matter, the court will address defendants' contention that the Rooker-Feldman doctrine bars plaintiff's claims, since this assertion implicates the court's subject matter jurisdiction. Under the Rooker-Feldman doctrine, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005). This doctrine, developed in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), is grounded in the principle that Congress granted the United States Supreme Court exclusive jurisdiction to review state court decisions. 28 U.S.C. § 1257; see Hoblock, 422 F.3d at 83-84. In the recent case of Exxon Mobil Corporation v. Saudi Basic Industries Corporation, the Supreme Court clarified that the doctrine must be narrowly "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. 280, 284 (2005). Under

the limited application of the doctrine, a district court is not deprived of jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." Id. at 293. Instead, "[i]f a federal plaintiff 'presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Id. (quoting GASH Assocs. v. Rosemont, 995 F.2d 726, 728 (7th Cir. 1993)) (alterations in original). [6]

Following Exxon Mobil, the Second Circuit outlined the four requirements that must be satisfied in order to apply the Rooker-Feldman doctrine: (1) the plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by the state court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state court judgment must have been rendered prior to the beginning of federal court proceedings. Hoblock, 422 F.3d at 85 (citing Exxon Mobil, 544 U.S. at 284). The first and fourth of these requirements are procedural, while the second and third requirements are substantive. Id.

In this case, the procedural requirements to apply the Rooker-Feldman doctrine are satisfied. Plaintiff clearly lost in state court when a default judgment was entered against him,

---

[6] In a footnote in Feldman, the Supreme Court stated that the district court lacked jurisdiction to review constitutional claims that were "inextricably intertwined" with the state court ruling. 460 U.S. at 483-84 n. 16. Prior to the Supreme Court's decision in Exxon Mobil, the Second Circuit interpreted the "inextricably intertwined" language broadly, holding that it meant, "at a minimum, that where a federal plaintiff had an opportunity to litigate a claim in a state proceeding . . . subsequent litigation of the claim will be barred under the Rooker-Feldman doctrine if it would be barred under the principles of preclusion." Moccio v. N.Y. State Office of Court Admin., 95 F.3d 195, 199-200 (2d Cir. 1996). In Exxon Mobil, however, the Supreme Court explicitly cited Moccio as an example of lower courts construing the Rooker-Feldman doctrine too expansively. 544 U.S. at 283. In a subsequent opinion, the Second Circuit acknowledged that, in light of Exxon Mobil, its analysis in Moccio had been "incorrect." Hoblock, 422 F.3d at 85. Instead, the Second Circuit held that the "inextricably intertwined" language was "simply a descriptive label attached to claims that meet the requirements outlined in Exxon Mobil." Id. at 87. Therefore, to the extent that defendants cite cases relying on the Second Circuit's pre-Exxon Mobil interpretation of the Rooker-Feldman doctrine, those cases are no longer good law. See, e.g., Kropelnicki v. Siegel, 290 F.3d 118, 128 (2d Cir. 2002) (relying on Moccio to hold that Rooker-Feldman doctrine barred plaintiff's FDCPA claims regarding misrepresentation in state court debt collection action); Mascoll v. Strumpf, No. 05-CV-667 (SLT), 2006 WL 2795175, at *4-*5 (E.D.N.Y. Sept. 26, 2006) (recognizing that Kropelnicki has been abrogated by Exxon Mobil).

11

and the default judgment was rendered before plaintiff initiated this federal suit.[7] However, the substantive requirements are not satisfied, because plaintiff does not complain of injuries caused by the state court judgment or ask this court to review and reject that judgment. The Housing Court default judgment granted possession of plaintiff's apartment to the Co-op and required plaintiff to pay a monetary judgment to the Co-op. In this suit, plaintiff does not assert the loss of possession of his apartment or the monetary judgment entered against him as his injuries. Instead, he asserts independent injuries arising under the FDCPA, alleging that the defendants engaged in fraudulent, misleading, and abusive conduct toward him during the course of litigating the Housing Court action. He does not ask this court to vacate the Housing Court's entry of default, but instead seeks separate remedies available to him under the FDCPA.

Defendants argue that the Rooker-Feldman doctrine should apply because plaintiff's claims in this action are similar in substance to the claims that he asserted in Housing Court. In plaintiff's August 2013 motion to dismiss the Housing Court proceeding, he argued that the Sauchik Law Group and its attorneys should be sanctioned for fabricating the petition against him and making material misrepresentations and omissions, and those same allegations underlie his FDCPA claims in this action. However, following Exxon Mobil and Hoblock, "the applicability of the Rooker-Feldman doctrine turns not on the similarity between a party's state-court and federal-court claims . . . but rather on the causal relationship between the state-court

---

[7] The Second Circuit has not definitively addressed whether the procedural requirements of the Rooker-Feldman doctrine are satisfied where, as here, an appeal of the state court judgment is pending. However, in several summary orders, the Second Circuit has assumed without deciding that the doctrine could apply in such a situation. Gabriele v. Am. Home Mort. Servicing, 503 F. App'x 89, 92 (2d Cir. 2012); Swiatkowski v. New York, 160 F. App'x 30, 32 (2d Cir. 2005). District courts in this Circuit have also applied the doctrine in cases where an appeal of the state court judgment is pending. See Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C., 701 F. Supp. 2d 340, 348 (E.D.N.Y. 2010) (collecting cases where courts "have applied Rooker-Feldman as long as the federal action seeks review of a previous state court judgment, regardless of whether that judgment is being appealed in the state courts when the federal case begins"). But see Goddard v. Citibank, NA, No. 04CV5317 (NGG)(LB), 2006 WL 842925, at *4 n.1 (E.D.N.Y. Mar. 27, 2006) ("[T]he state court proceeding ended for Rooker-Feldman purposes when plaintiff allowed the time for appeal to lapse without filing an appeal in state court.").

judgment and the injury of which the party complains in federal court." McKithen v. Brown, 481 F.3d 89, 97-98 (2d Cir. 2007). This causal relationship is satisfied only where the challenged injury is "produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." Hoblock, 422 F.3d at 88.

The Second Circuit's summary order in Gabriele v. American Home Mortgaging Servicing, Inc., 503 F. App'x 89 (2012), while non-precedential, is instructive. After a bank obtained a foreclosure judgment against the plaintiff in state court, the plaintiff brought FDCPA and Connecticut state law claims against the law firm that had represented the bank. Id. at 91-92. The plaintiff challenged the conduct of the law firm during the state foreclosure action, alleging that counsel had made "false, deceptive, unfair, or harassing" state court filings. Id. at 92. The plaintiff had previously moved for sanctions against the bank in the state court action regarding similar conduct, and the state court had denied the motion. Id. The Second Circuit found that the Rooker-Feldman doctrine did not bar plaintiff's FDCPA claims because the injuries asserted by plaintiff in the federal action were not caused by the state court judgment. Id. The court concluded that the law firm's "alleged litigation misconduct was not the product of the state court's denial of sanctions, its judgment of strict foreclosure, or any other decision rendered, but rather, was 'simply ratified, acquiesced in, or left unpunished by [the state court judgment]." Id. (quoting Hoblock, 422 F.3d at 88). Since the plaintiff did not "seek to undo the state court judgment" through the federal suit, the Rooker-Feldman doctrine did not apply. Id.

Similarly, in this case, plaintiff challenged the Sauchik Defendants' alleged litigation misconduct in his August 2013 motion for dismissal and sanctions in state court, and he now raises similar allegations in support of his FDCPA claims in this suit. Any possible litigation misconduct by the Sauchick Defendants was not caused by the state court's denial of plaintiff's

August 2013 motion as untimely or its entry of a default judgment against plaintiff. Instead, if anything, the misconduct was "ratified, acquiesced in, or left unpunished" by the state court's rulings. Hoblock, 422 F.3d at 88. The substantive requirements of the Rooker-Feldman doctrine are not satisfied where, as here, plaintiff asserts independent injuries under the FDCPA, seeks monetary damages available to him under that statute, and does not ask the court to vacate the state court's default judgment. See Shetiwy v. Midland Credit Mgmt., 980 F. Supp. 2d. 461, 471-72 (S.D.N.Y. 2013) (holding that Rooker-Feldman doctrine did not bar FDCPA claims against debt collectors alleging "litigation misconduct" in state court actions, including "the repeated submission of false affidavits"); Sykes v. Mel Harris & Assocs., LLC, 757 F. Supp. 2d 413, 429 (S.D.N.Y. 2010) (finding that Rooker-Feldman doctrine did not bar claim that debt collectors and attorney falsified affidavits of service to obtain default judgments because "plaintiffs assert claims independent of the state-court judgments and do not seek to overturn them"); Mascoll v. Strumpf, No. 05-CV-667 (SLT), 2006 WL 2795175, at *8 (E.D.N.Y. Sept. 26, 2006) (finding that Rooker-Feldman doctrine did not bar FDCPA claim that defendants "misused judicial process by wrongly persisting in efforts to collect on a debt which they knew . . . [the bank] had no right to collect" because plaintiff sought money damages rather than an order vacating the state court judgment); Goddard v. Citibank, NA, No. 04CV5317 (NGG)(LB), 2006 WL 842925, at *6 (E.D.N.Y. Mar. 27, 2006) (holding that Rooker-Feldman doctrine did not bar claims where plaintiff did not ask court to vacate state foreclosure judgment, sought money damages unavailable in state court action, and alleged "fraud in the procurement of the state court judgment, independent from the barred claim that the state court issued an incorrect decision").[8]

---

[8] The cases cited by defendants do not support the application of the Rooker-Feldman doctrine in the situation presented here. Defendants rely on the district court opinion in Gabriele, which held that the Rooker-Feldman doctrine barred plaintiff's FDCPA claims because the allegations underlying the motion for sanctions in state court were the same as the allegations underlying the FDCPA claims. Gabrielle v. Law Office of Martha Croog, No.

Since plaintiff asserts an "independent claim" under the FDCPA, rather than seeking to overturn the state court's default judgment, the <u>Rooker-Feldman</u> doctrine does not pose a jurisdictional bar to plaintiff's federal suit. <u>Exxon Mobil</u>, 544 U.S. at 293.

## B.   <u>Res Judicata</u> and Collateral Estoppel

Defendants also assert that the FDCPA claims against the Sauchik Defendants must be dismissed under the doctrines of <u>res judicata</u>, or claim preclusion, and collateral estoppel, or issue preclusion. Defendants argue that the allegations underlying plaintiff's FDCPA claims were already litigated and rejected in Housing Court and that the state court judgment must be given preclusive effect in this action.

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." <u>Migra v. Warren City Sch. Dist. Bd. of Educ.</u>, 465 U.S. 75, 81 (1984). Accordingly, New York law governs the preclusive effect of the Housing Court default judgment.

Under New York law, the doctrine of <u>res judicata</u> "bars successive litigation based upon the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity to a party who was." <u>People ex rel. Spitzer v. Applied Card Sys., Inc.</u>, 894 N.E.2d 1, 12 (N.Y. 2008) (internal citation and quotation marks omitted). <u>Res judicata</u> applies only to compulsory counterclaims, not to permissive counterclaims. <u>Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.</u>, 233 F.3d 697, 702 (2d Cir.

3:10cv1798 (WWE), 2012 WL 460264, at *2 (D. Conn. Feb. 9, 2012). However, the Second Circuit reversed the district court on this point, even though it affirmed the dismissal of the FDCPA claims on other grounds. <u>Gabriele</u>, 503 F. App'x at 92. Defendants also cite <u>Bank v. Cooper</u>, No. 08-CV-3936 (JBW), 2009 WL 1491227 (E.D.N.Y. May 27, 2009). However, the district court in that case, while referencing the <u>Rooker-Feldman</u> doctrine, dismissed plaintiff's FDCPA claims on the merits. <u>Id.</u> at *3. The Second Circuit summary order affirming the district court only addressed the merits of the FDCPA claims and did not mention <u>Rooker-Feldman</u> at all. <u>Bank v. Cooper, Paroff, Cooper & Cook</u>, 356 F. App'x 509 (2d Cir. 2009).

2000) ("The fact that [a claim] might have been asserted as a counterclaim in the prior suit . . . does not mean that the failure to do so renders the prior judgment res judicata as respects it.") (quoting Mercoid Corp. v. Mid-Continent Inv. Co., 320 U.S. 661, 671 (1944)). In this action, plaintiff asserts FDCPA claims against the attorneys who represented the Co-op in the prior state action. There is no basis to conclude that plaintiff would have been required to raise FDCPA counterclaims in the Housing Court proceeding against the Sauchik Defendants, who were not parties to that action. See Cousins, 7 F. App'x 85 ("[W]e do not understand New York preclusion law to require a defendant in a summary nonpayment proceeding brought by his landlord to initiate third-party practice against the landlord's attorneys in order to preserve claims under the FDCPA."). Therefore, the court will not apply res judicata to bar plaintiff's FDCPA claims against the Sauchik Defendants.

However, the doctrine of collateral estoppel may preclude relitigation of specific issues that were decided in the state court proceeding. "Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." Evans v. Ottimo, 469 F.3d 278, 281 (2d Cir. 2006) (citing Kaufman v. Eli Lilly & Co., 482 N.E.2d 63, 67 (N.Y. 1985)). Even though the Sauchik Defendants were not parties to the state court proceeding, they can still invoke the doctrine of collateral estoppel. Corto v. Lefrak, 610 N.Y.S.2d 214, 216 (App. Div. 1994) ("[C]ollateral estoppel is available to protect those defendants who were not parties to the earlier proceedings from having to litigate those issues previously raised and rejected, where . . . the plaintiff fully participated in the prior proceedings and had a full and fair opportunity to litigate [the issues]. . . .").

16

Since collateral estoppel bars relitigation of issues that were "actually litigated and determined" in the prior action, it generally does not apply where, as here, the state court action resulted in a default judgment. Kaufman, 482 N.E.2d at 68 ("An issue is not actually litigated if, for example, there has been a default . . ."). However, "[a] default judgment in a summary proceeding for non-payment of rent is conclusive between the parties as to any facts alleged in the petition or affidavit that are required to be alleged as a basis for the proceeding." Gallery at Fulton St., LLC v. Wendnew LLC, 817 N.Y.S.2d 237, 238 (App. Div. 2006) (citing Henry Modell & Co. v. Minister, Elders, & Deacons of Reformed Protestant Dutch Church of City of New York, 502 N.E.2d 978, 980-81 (N.Y. 1986)); accord Heine v. Albin Gustafson Co., 461 N.Y.S.2d 934, 936 (App. Div. 1983) ("It has been held that the estoppel of a default judgment rendered in a summary proceeding to recover an installment of rent extends to every question relating to the validity of the lease and the relation between the parties . . .").

## C.   FDCPA Claims

In his complaint, plaintiff asserts violations of eight different provisions of the FDCPA. The court will consider each of plaintiff's FDCPA claims in turn to determine what, if any, collateral effect should be given to the state court judgment and whether plaintiff has stated a plausible claim for relief.

### 1.   Communications with Third Parties and Publication of Plaintiff's Name

Several of plaintiff's FDCPA claims must be dismissed because they do not relate to the Sauchik Defendants. Plaintiff alleges violations of 15 U.S.C. § 1692c(b), which prohibits debt collectors from communicating with third parties without the consumer's prior consent, and 15 U.S.C. § 1692d(3), which prohibits debt collectors from publishing "a list of consumers who allegedly refuse to pay debts." Plaintiff's complaint alleges only one possible factual basis for

these claims: on April 23, 2013, without plaintiff's permission, the Co-op Board included plaintiff's name on a list of tenant-shareholders who purportedly owed rent. Compl. ¶ 19 & Ex. D. For the reasons stated above, these claims cannot proceed against the Co-op, its board, and its officers because they are not "debt collectors" within the meaning of the FDCPA. The complaint does not adduce any facts whatsoever to connect these claims to the Sauchik Defendants. Therefore, plaintiff's FDCPA claims under 15 U.S.C. §§ 1692c(b) and 1692d(3) are dismissed.

2.    *False, Deceptive, and Misleading Representations*

Plaintiff's complaint also alleges violations of 15 U.S.C. § 1692e, which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Specifically, plaintiff asserts that defendants violated provisions that prohibit debt collectors from: (1) making a "false representation" regarding "the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A); (2) making any "threat to take action that cannot legally be taken or that is not intended to be taken," 15 U.S.C. § 1962e(5); (3) making a "false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer," 15 U.S.C. § 1692e(7); (4) "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed," 15 U.S.C. § 1926e(8); and (5) using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," 15 U.S.C. 1692e(10).

As related to the Sauchik Defendants, plaintiff's complaint asserts that the petition that defendants filed in Housing Court contained "deliberate material misrepresentations." Compl. ¶ 18. He asserts that defendants overstated the amount of rent that plaintiff owed, inaccurately

stated that they had served a prior rent demand on plaintiff by "personal delivery," falsely described the contents of the prior rent demand, and misrepresented the Co-op's compliance with state registration requirements. Id. Plaintiff also asserts that defendant Sauchik, who signed an affidavit verifying the petition, inaccurately stated that his law firm's office was located in a county different from that of the Co-op. Id.[9] He also alleges that defendant Polyakov attempted to "improperly amend" the Housing Court petition on May 9, 2013, by serving an amended petition on plaintiff without filing it with the court. Id. ¶ 20.

Collateral estoppel does not bar these claims because, drawing all inferences in favor of plaintiff, the identical issues were not actually litigated and necessarily decided in the state court action. Plaintiff did raise the same allegations of misconduct in his August 2013 motion in Housing Court seeking dismissal and sanctions against the Sauchik Defendants. Sauchik Decl., Ex. F. However, the Housing Court denied that motion as untimely without actually deciding the issues that plaintiff raised, then subsequently entered a default judgment in favor of the Co-op. Even if the Housing Court had addressed the merits of plaintiff's allegations, the standard for deciding whether to sanction an attorney is different from the standard for deciding whether a statement violates the FDCPA. See Gabriele, 503 F. App'x at 93 ("[D]etermining whether . . . misconduct amounted to substantive bad faith sufficient to warrant sanctions requires a substantially different analysis than determining whether it violated the FDCPA."); Fritz v. Resurgent Capital Servs., LP, 955 F. Supp. 2d 163, 175 (E.D.N.Y. 2013) (holding that collateral estoppel did not apply where plaintiffs had not raised FDCPA claims in state collection actions

---

[9] From the record, it appears that plaintiff's claim relates to a New York procedural rule specifying that a pleading must be verified by an affidavit from the party. N.Y. C.P.L.R. § 3020(d). The rule includes an exception by which an attorney, rather than the party, can verify a pleading if the party "is not in the county where the attorney has his office." Id. § 3020(d)(3). Plaintiff asserted throughout the state court proceedings that Sauchik's affidavit verifying the petition incorrectly stated that his firm's office was in a different county from the Co-op in order to fall within the exception to the procedural rule. Sauchik Decl., Ex. B.

and there was "no conceptual reason for them to have done so" because FDCPA claims "challenge the method of debt collection, not the underlying debt"). Therefore, the § 1692e claims cannot be dismissed on the grounds of collateral estoppel.

However, plaintiff's § 1692e claims must nevertheless be dismissed because he fails to state a plausible claim upon which relief can be granted. "In general, courts analyze whether a statement is false or misleading under the terms of Section 1692e by asking whether the statement would be misleading to the 'least sophisticated consumer.'" Lane v. Fein, Such & Crane, LLP, 767 F. Supp. 2d 382, 388 (E.D.N.Y. 2011) (quoting Greco v. Trauner, Cohen & Thomas, LLP, 412 F.3d 360, 363 (2d Cir. 2005)). According to this test, a debt collector's statement can be deceptive if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." Easterling v. Collecto, Inc., 692 F.3d 229, 233 (2d Cir. 2012) (quoting Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993)). However, "courts should apply the standard 'in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices.'" Id. at 234 (quoting Clomon, 988 F.3d at 1319). Whether a statement is false or misleading is a question of law, so a court "can resolve whether a communication violates § 1692e on a motion to dismiss." Corcia v. Asset Acceptance, LLC, No. 13-CV-6404 (JFB)(GRB), 2014 WL 3656049, at *4 (E.D.N.Y. July 22, 2014).

While the Second Circuit has never explicitly required that a false or misleading statement be material in order to violate § 1692e, several other circuit courts and numerous district courts within this circuit have imposed a materiality requirement. Gabriele, 503 F. App'x at 94 (collecting cases); accord Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508, 518 (S.D.N.Y. 2013); Fritz, 955 F. Supp. 2d at 170; Walsh v. Law Offices of Howard Lee Schiff, P.C., No. 3:11-cv-1111 SRU, 2012 WL 4372251, at *3-*4 (D. Conn. Sept. 24, 2012); Lane, 767

F. Supp. 2d at 389. "Statements are material if they influence a consumer's decision to pay a debt or if they would impair the consumer's ability to challenge the debt." Hasbrouck v. Arrow Fin. Servs. LLC, No. 1:09-CV-748 (MAD/RFT), 2011 WL 1899250, at *4 (N.D.N.Y. May 19, 2011).

In this case, none of the allegations in plaintiff's complaint, even if proven, would amount to material misrepresentations in violation of § 1692e. Plaintiff alleges that the Sauchik Defendants misled the state court by making false representations about the rent that plaintiff owed, their compliance with procedural requirements, and the Co-op's compliance with state registration requirements. Nowhere does his complaint allege that the Sauchik Defendants misled plaintiff regarding the nature or status of his debt or his ability to challenge the debt. Numerous courts in this circuit have held that plaintiffs failed to state plausible claims under § 1692e where, as here, the alleged misrepresentations "were not misleading or deceptive as to the nature or legal status of [plaintiff's] debt, nor would they have prevented the least sophisticated consumer from responding to or disputing the action." Gabriele, 503 F. App'x at 95-96; see Walsh, 2012 WL 4372251, at *5 (dismissing § 1692e claims where alleged misrepresentations "were directed at the court, rather than [plaintiff] herself, and concerned procedural deficiencies during the course of litigation that bore no relation to the underlying debt"); Klein v. Solomon & Solomon, P.C., No. 3:10cv1800 (WWE), 2011 WL 5354250, at *2 (D. Conn. Oct. 28, 2011) (dismissing § 1692e claims where plaintiff alleged "procedural defects in connection with state court litigation" but did not allege "false representations that could be construed as material so as to mislead plaintiff in his repayment of or challenge to the debt"); Hasbrouck, 2011 WL 1899250, at *6 (finding debt collector's allegedly false affidavit in support of state court default judgment was not material misrepresentation because plaintiff "does not claim that any confusion contributed to her failure to challenge the debt or her decision to pay the debt"); McAfee v. Law Firm of Forster &

Garbus, No. 06-CV-2925 (NGG)(LB), 2008 WL 3876079, at *5 (E.D.N.Y. Aug. 18, 2008) (dismissing § 1692e claims that "relate solely to Defendants' alleged improprieties in prosecuting a court action against [plaintiff] in state court").

Moreover, courts in this Circuit have been reluctant to impose liability under the FDCPA for statements made by creditors' attorneys during the course of debt collection litigation. To be sure, "statements made and actions taken in furtherance of a legal action are not, in and of themselves, exempt from liability under the FDCPA." Gabriele, 503 F. App'x at 95 (citing Goldman, 445 F.3d at 157)). However, courts have held that the FDCPA's central purpose of "protecting unsophisticated consumers from unscrupulous debt collectors" is not implicated in state court proceedings, where litigants "enjoy myriad procedural and substantive protections from fraudulent and deceptive practices." Walsh, 2012 WL 4372251, at *5; see Simmons v. Roundup Funding, LLC, 622 F.3d 93, 96 (2d Cir. 2010) (noting that debtors in bankruptcy proceedings do not need FDCPA protection because "a debtor is instead protected by the court system and its officers"); Derisme v. Hunt Leibert Jacobson P.C., 880 F. Supp. 2d 311, 329 (D. Conn. 2011) (stating that the FDCPA's purpose of protecting consumers "is not implicated when a mortagee is instead protected by the court system and Connecticut foreclosure law."). Here, the claims that plaintiff asserts against the Sauchik Defendants relate to allegedly improper litigation tactics, which are monitored by the state court, the presiding judge, and the attorney disciplinary system. Imposing FDCPA liability is not necessary to serve the statute's purpose of protecting consumers, since plaintiff could have, and did, seek redress through the court system.

Accordingly, plaintiff's FDCPA claims against the Sauchik Defendants under 15 U.S.C. § 1692e are dismissed for failure to state a claim.

### 3.  *Unfair or Unconscionable Debt Collection Practices*

Finally, plaintiff asserts a violation of 15 U.S.C. § 1692f, which prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." Plaintiff asserts that the defendants violated a provision that prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

Section 1692f "was enacted specifically to catch conduct not otherwise covered by the FDCPA." Okyere, 961 F. Supp. 2d at 530 (internal quotation marks omitted). It is not entirely clear from the complaint what allegations plaintiff is asserting under this provision. To the extent that plaintiff's claims under § 1692f rely on the same alleged litigation misconduct raised under § 1692e, those claims must be dismissed for the reasons stated above. See Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) (dismissing § 1692f claim where complaint failed to "identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA"); accord Sussman v. I.C. Sys., Inc., 928 F. Supp. 2d 784, 797 (S.D.N.Y. 2013); Tsenes v. Trans-Cont'l Credit & Collection Corp., 892 F. Supp. 461, 466 (E.D.N.Y. 1995).

Construing plaintiff's complaint liberally, he may also be asserting that defendants violated § 1692f(1) by collecting a debt that was not "permitted by law." Plaintiff has consistently alleged, in the state court proceedings and in both of his federal court suits, that the Co-op violated a New York statute imposing registration requirements on owners of multiple dwellings. N.Y. Mult. Dwell. Law § 325. The statute provides that "no rent shall be recovered by the owner of a multiple dwelling who fails to comply with such registration requirements until he complies with such requirements." Id. Therefore, plaintiff alleges that the Co-op has unlawfully

attempted to collect rent, arrears, and fees from him. Compl. ¶ 27.

This claim is barred by the doctrine of collateral estoppel because the state court's default judgment against plaintiff necessarily determined that the debt that the Co-op sought to collect from plaintiff was lawful. A default judgment in a summary non-payment proceeding has collateral estoppel effect as to "any facts alleged in the petition or affidavit that are required to be alleged as a basis for the proceeding." Gallery at Fulton St., LLC, 817 N.Y.S.2d at 238. Under New York state law, "a landlord must show a valid certificate of occupancy and multiple dwelling registration to recover for use and occupancy." Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C., 701 F. Supp. 2d 340, 350 (E.D.N.Y. 2010) (citing, inter alia, Sheila Props., Inc. v. A Real Good Plumber, Inc., 874 N.Y.S.2d 145, 147 (App. Div. 2009)). In accordance with this requirement, the Co-op's Housing Court petition alleged that the Co-op had complied with New York's multiple dwelling registration requirements. Compl., Ex. C, ¶ 13. By entering default judgment for the Co-op, the Housing Court necessarily accepted the Co-op's assertion of compliance, and that determination has collateral estoppel effect in this action. See Caldwell, 701 F. Supp. 2d at 350. Plaintiff had a full and fair opportunity to litigate this issue in state court, since he raised the identical issue in his Housing Court filings. The issue is decisive of plaintiff's § 1692f claim in this action, since plaintiff has not asserted any reason why defendants' collection of debt was not "permitted by law" other than the alleged non-compliance with the multiple dwelling registration requirements.

Therefore, plaintiff's FDCPA claim against the Sauchik Defendants under 15 U.S.C. § 1692f is dismissed on collateral estoppel grounds.

## IV. Plaintiff's State Law Claims

Plaintiff also asserts claims under New York state law. Since the court has dismissed all of plaintiff's federal claims under the FDCPA, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims. A district court has discretion to decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York, 464 F.3d 255, 262 (2d Cir. 2006); accord Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."). Accordingly, plaintiff's claims under New York state law are dismissed without prejudice.

## V. Leave to Replead

The court is mindful that plaintiff is proceeding pro se and must consider whether he should be given an opportunity to replead his claims. "A court generally should not dismiss a pro se complaint 'without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Vansertima v. Dep't of Corr., No. 10 CV 3214(RJD)(RER), 2012 WL 4503412, at *7 (E.D.N.Y. Sept. 28, 2012) (quoting Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002)). However, leave to amend need not be given where it is clear that amendment would be futile. E.g., Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011); Xiang Li v. Morrisville State Coll., 434 F. App'x 34, 35 (2d Cir. 2011). Amendment would be futile if, even when better pleaded, the claim would not survive a motion

to dismiss. <u>Lucente v. IBM Corp.</u>, 310 F.3d 243, 258 (2d Cir. 2002); <u>see also</u> <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000).

Here, it is clear that amendment would be futile. Plaintiff cannot state an FDCPA claim against the Co-op, its board, or its officers because they are not "debt collectors" within the meaning of the statute. None of the allegations in plaintiff's complaint suggest a viable FDCPA claim against the Sauchik Defendants. Plaintiff's assertions relate solely to the Sauchik Defendants' alleged misrepresentations during the course of the Housing Court litigation. As a matter of law, these purportedly false statements cannot support a plausible claim under 15 U.S.C. § 1692e, because there is no indication that the Sauchik Defendants misled plaintiff regarding the nature or status of his debt or his ability to challenge it. To the extent that plaintiff challenges the collection of a debt not "permitted by law" under 15 U.S.C. § 1692f, he relies on the Co-op's alleged non-compliance with multiple dwelling registration requirements, but this issue has already been decided by the Housing Court judgment and must be given collateral estoppel effect here. Since plaintiff's complaint fails to provide "any indication that a valid claim might be stated," <u>Vansertima</u>, 2012 WL 4503412, at *7, granting leave to amend would be futile.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is granted. Plaintiff's FDCPA claims against all of the defendants are dismissed with prejudice, and the court declines to grant plaintiff leave to replead his claims. The court declines to exercise supplemental jurisdiction over plaintiff's state law claims, so those claims are dismissed without prejudice. The complaint is dismissed in its entirety, and the Clerk of Court is directed to close this case.

SO ORDERED.

/S/ Judge Allyne R. Ross

Allyne R. Ross
United States District Judge

Dated:     September 26, 2014
           Brooklyn, New York

## **SERVICE LIST**

<u>Plaintiff</u>
Leonid Lautman
2800 Coyle Street, Apt. #322
Brooklyn, NY 11235